UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| MARGERETTA SIBERT-DEAN, | : | | |
| Plaintiff, | : | | |
| v. | : | | |
| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY | : | Civil Action No.: | 08-2145 (RMU) |
| Defendant, | : | Re Document No.: | 48 |
| v. | : | | |
| NORMA JEAN WOODSON, | : | | |
| Third-Party Defendant. | : | | |

# MEMORANDUM OPINION

### DENYING THE THIRD-PARTY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

This personal injury action comes before the court on the motion for summary judgment of third-party defendant Norma Jean Woodson. Woodson contends that she entered into a settlement agreement with the plaintiff and, through her insurance company, executed a release that shields her from any further liability in this matter. The defendant, the Washington Metropolitan Area Transit Authority ("WMATA"), acknowledges that the release absolves Woodson of any further exposure to monetary damages, but argues that Woodson must remain a third-party defendant in this action, as a determination that Woodson was jointly responsible for the plaintiff's injuries would reduce WMATA's liability to the plaintiff. For the reasons discussed below, the court denies Woodson's motion.

## II. FACTUAL & PROCEDURAL BACKGROUND

The plaintiff alleges that on February 14, 2006, she was a passenger on a WMATA bus traveling south on Georgia Avenue in Northwest Washington, D.C. Compl. ¶¶ 7-8. The plaintiff contends that due to the bus operator's carelessness, he failed to see a vehicle traveling north in the opposite lane on Georgia Avenue make a left turn in front of the bus. *Id.* ¶ 9. That vehicle was operated by Woodson. *Id.*; WMATA's 3d Party Compl. ¶ 8. Once the bus operator saw the vehicle passing in front of him, he allegedly attempted to perform a defensive driving maneuver to avoid an accident. Compl. ¶ 11. That maneuver allegedly caused the plaintiff to be thrown from her seat into a steel handrail pole on the bus, knocking her unconscious. *Id.* ¶ 12. The plaintiff alleges that as a result of the accident, she has suffered serious and ongoing physical injury. *Id.* ¶ 3.

In November 2008, the plaintiff commenced a negligence action against WMATA in the Superior Court for the District of Columbia. *See generally id.* The complaint did not contain any claims against Woodson and did not name Woodson as a defendant. *See generally id.* On December 11, 2008, WMATA removed the action to this court. *See generally* Notice of Removal. Subsequently, on December 18, 2008, WMATA filed a third-party complaint against Woodson seeking contribution or indemnification. *See generally* WMATA's 3d Party Compl. The third-party complaint states that Woodson's negligence in operating her vehicle proximately caused the plaintiff's injuries. *Id.* ¶ 11. A jury trial is scheduled for February 2011.

The matter is now before the court on Woodson's motion for summary judgment. *See generally* Woodson's Mot. for Summ. J. ("Woodson's Mot."). Woodson contends that before the plaintiff commenced this lawsuit against WMATA, she sought to settle her claims against Woodson by contacting Woodson's insurance company. *Id.* at 6. According to Woodson, the

parties negotiated a settlement agreement, pursuant to which the plaintiff agreed not to pursue any claims against Woodson in exchange for cash consideration. *Id.* Woodson contends that the settlement and release shields her from any additional liability in this matter and that as a result, she is entitled to summary judgment. *Id.*

WMATA opposes Woodson's motion for summary judgment. *See generally* WMATA's Opp'n to Woodson's Mot. ("WMATA Opp'n"). The plaintiff, who does not have a claim against Woodson, *see generally* Compl.,[1] did not participate in the briefing on Woodson's motion, which is now ripe for adjudication.

### III. ANALYSIS

#### A. Legal Standard for Summary Judgment

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Diamond v. Atwood*, 43 F.3d 1538, 1540 (D.C. Cir. 1995). To determine which facts are "material," a court must look to the substantive law on which each claim rests. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "genuine issue" is one whose resolution could establish an element of a claim or defense and, therefore, affect the outcome of the action. *Celotex*, 477 U.S. at 322; *Anderson*, 477 U.S. at 248.

---

[1]  On May 6, 2009, the plaintiff filed a motion for leave to amend her complaint to assert claims against Woodson. *See generally* Pl.'s Mot. for Leave to Amend. The court struck the motion because the plaintiff had not complied with the meet and confer requirement set forth in Local Civil Rule 7(m). Minute Order (May 6, 2009). The plaintiff did not renew her motion for leave to amend. Accordingly, WMATA's claim for contribution is the only claim asserted against Woodson.

3

In ruling on a motion for summary judgment, the court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true. *Anderson*, 477 U.S. at 255. A nonmoving party, however, must establish more than "the mere existence of a scintilla of evidence" in support of its position. *Id.* at 252. To prevail on a motion for summary judgment, the moving party must show that the nonmoving party "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. By pointing to the absence of evidence proffered by the nonmoving party, a moving party may succeed on summary judgment. *Id.*

The nonmoving party may defeat summary judgment through factual representations made in a sworn affidavit if he "support[s] his allegations . . . with facts in the record," *Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999) (quoting *Harding v. Gray*, 9 F.3d 150, 154 (D.C. Cir. 1993)), or provides "direct testimonial evidence," *Arrington v. United States*, 473 F.3d 329, 338 (D.C. Cir. 2006). Indeed, for the court to accept anything less "would defeat the central purpose of the summary judgment device, which is to weed out those cases insufficiently meritorious to warrant the expense of a jury trial." *Greene*, 164 F.3d at 675.

**B. The Court Denies Woodson's Motion for Summary Judgment**

In her motion for summary judgment, Woodson argues that the settlement and release she executed with the plaintiff through her insurance company shields her from any further liability in this matter. *See generally* Woodson's Mot. at 4. Although Woodson acknowledges that "in spite of the Release, WMATA is still entitled to bring a Third-Party Complaint and have her present at trial," *id.*, she contends that because the release precludes the plaintiff from obtaining monetary damages from her, judgment should be entered in her favor, *see generally id.*

4

In its opposition, WMATA "agrees that Woodson has entered into a binding settlement agreement with Plaintiff and that Plaintiff has no claim against Ms. Woodson in the pending action." WMATA's Opp'n at 4-5. Nonetheless, WMATA maintains that if the jury concludes that Woodson is partially responsible for the plaintiff's injuries, WMATA will be entitled to a *pro rata* credit against the verdict. *Id.* at 5. Thus, although WMATA "agrees that Woodson should bear no further monetary exposure in this matter," it "objects to judgment being entered in her favor. To maintain its right to a *pro rata* credit in the event there is a finding of negligence against it, WMATA must have Woodson's tortfeasor status adjudicated at trial." *Id.* at 6. Because "entry of judgment in Woodson's favor would preclude a determination of joint tortfeasor status," WMATA opposes Woodson's motion for summary judgment. *Id.*

"Under the law of the District of Columbia, a right of contribution accrues when two or more parties are joint tortfeasors (*i.e.,* when each party 'was at fault in bringing about the injury to the innocent party')." *Hall v. George A. Fuller Co.*, 621 A.2d 848, 850 (D.C. 1993) (quoting *Martello v. Hawley*, 300 F.2d 721, 723 (D.C. Cir. 1962)). The D.C. Court of Appeals has stated that a nonsettling defendant that is subsequently found liable to the plaintiff is entitled to a "*pro rata* credit based on the nonsettling defendant's right of contribution against a settling joint tortfeasor." *Paul v. Bier*, 758 A.2d 40, 43 (D.C. 2000). For a nonsettling defendant to receive a *pro rata* credit, however, "the liability of the settling defendants must be established either by adjudication or by stipulation between the plaintiff and the settling party." *Id.* at 45.

There is no evidence of a stipulation establishing Woodson's liability for the plaintiff's injuries. Accordingly, as Woodson acknowledges, *see* Woodson's Mot. at 4, WMATA is entitled to have Woodson present at trial to attempt to show that she was jointly negligent and responsible for the plaintiff's injuries, *see Paul*, 758 A.2d at 45. If the jury concludes that

5

WMATA and Woodson were jointly responsible for the plaintiff's injuries, WMATA will be entitled to a *pro rata* credit against any verdict in the plaintiff's favor. *See id.*

Thus, although the plaintiff does not have a claim against Woodson in this case, Woodson's liability for the plaintiff's injuries remains a material issue in this case because it is central to WMATA's claim for contribution. Accordingly, the court declines to enter judgment for Woodson at this stage and denies her motion for summary judgment.

## IV. CONCLUSION

For the foregoing reasons, the court denies the third-party defendant Woodson's motion for summary judgment. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 8th day of November, 2010.

RICARDO M. URBINA
United States District Judge