**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**MARGARETTA SIBERT-DEAN,**

**Plaintiff,**

**v.**

**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY**

**Defendant/Third Party Plaintiff**

**v.**

**NORMA JEAN WOODSON**

**Third Party Defendant**

**Case No. 1:08-cv-02145-BAH**

**DEFENDANT WMATA'S MOTION TO ENTER JUDGMENT REFLECTING PRO RATA CREDIT**

Defendant Washington Metropolitan Area Transit Authority ("WMATA"), pursuant to the court's September 30, 2011 Order, hereby moves the court to adjust the amount of the verdict rendered by the jury on September 30, 2011 to reflect contribution and the pro rata credit required by applicable District of Columbia as a result of the settlement between Plaintiff and Third-Party Defendant Woodson. As set forth in the accompanying Memorandum of Points and Authorities, WMATA is entitled to have the jury's $675,000 verdict against it reduced by 50%,

to $337,500. WMATA is also filing a Motion for a New Trial contemporaneously with the instant motion.

WHEREFORE, for the foregoing reasons, WMATA respectfully requests that this motion be granted and that the jury's verdict be entered in the amount of $337,500, subject to WMATA's Motion for a New Trial.

**COORDINATION WITH COUNSEL**

Undersigned counsel hereby states that Plaintiff does not give her consent to this Motion. WMATA both called and emailed Third-Party Defendant's counsel, but did not hear from either of Woodson's attorneys before this motion was filed, and therefore assumes there is no consent.

Respectfully submitted,

WASHINGTON METROPOLITAN AREA
TRANSIT AUTHORITY

Carol B. O'Keeffe
General Counsel

/s/ Mark F. Sullivan
Mark F. Sullivan #430876
Deputy General Counsel
msullivan@wmata.com

/s/ Gerard J. Stief
Gerard J. Stief # 925933
Senior Associate Counsel
gstief@wmata.com

/s/ Janice L. Cole
Janice L. Cole #440351
Associate General Counsel
jlcole@wmata.com

/s/ Kathleen A. Carey
Kathleen A. Carey #357990
Associate General Counsel
600 Fifth Street, N.W.
Washington, D.C. 20001
(202) 962-1496
kcarey@wmata.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of WMATA's Motion to Enter Judgment Reflecting Pro Rata Credit, Memorandum of Points and Authorities in support thereof, and Proposed Order, was served through the Court's efiling system on this 7th day of October, 2011 to:

Michael J. Belsky, pro hac vice
Lindsay C. Cooper #500158
Schlachman, Belsky & Weiner, PA
300 East Lombard Street-Suite 1100
Baltimore, Maryland 21202
(410) 685-2022
Counsel for Plaintiff

Peter Grenier #418570
Jacob M. Lebowitz #483742
Bode and Grenier, LLP
1150 Connecticut Avenue, N.W. – Ninth Floor
Washington, D.C. 20036-4129
(202) 828-4100
Counsel for Plaintiff

McCARTHY WILSON LLP

Robert B. Hetherington, Esq. #401136
Megan Greene
2200 Research Boulevard
Rockville, Maryland 20850
(301) 762-7770
Counsel for Third-Party Defendant Woodson

/s/ Janice L. Cole
Janice L. Cole

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MARGARETTA SIBERT-DEAN,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY**<br><br>**Defendant/Third Party Plaintiff**<br><br>**v.**<br><br>**NORMA JEAN WOODSON**<br><br>**Third Party Defendant** | **Case No. 1:08-cv-02145-BAH** |

Factual Background

This personal injury action stems from a February 14, 2006 accident between a Metrobus and a vehicle operated by Third-Party Defendant Woodson. WMATA's Third-Party Complaint against Ms. Woodson sought contribution for any judgment rendered against WMATA in favor of Plaintiff. At the conclusion of the trial, the jury found in favor of Plaintiff and against WMATA and Ms. Woodson as to both negligence and proximate cause, and awarded Plaintiff $675,000.

As detailed in Docket Entry No. 16, Plaintiff settled her claims against Ms. Woodson for $18,000 prior to the commencement of this lawsuit. On November 8, 2010, Judge Urbina denied

Ms. Woodson's Motion for Summary Judgment, stating that "although the plaintiff does not have a claim against Woodson in this case, Woodson's liability for the plaintiff's injuries remains a material issue in this case because it is central to WMATA's claim for contribution." Docket Entry No. 51, page 6. Judge Urbina further stated that "[i]f the jury concludes that WMATA and Woodson were jointly responsible for the plaintiff's injuries, WMATA will be entitled to a pro rata credit against any verdict in the plaintiff's favor." Id. at 5-6.

ARGUMENT

I. WMATA's Entitlement To A Pro Rata Credit Is The Law Of This Jurisdiction, And Should Be Deemed To Be The Law Of The Case Because It Has Already Been Ruled Upon By Judge Urbina In His November 8, 2010 Memorandum Opinion

As noted above, Plaintiff settled her claims against Ms. Woodson for $18,000 prior to the filing of the instant case. Docket Entry 16. With respect to the concept of contribution between defendants, the D.C. Court of Appeals stated in Hall v. George A. Fuller Co., 621 A.2d 848, 850 (D.C. 1993):

> Under the law of the District of Columbia, a right of contribution accrues when two or more parties are joint tortfeasors (*i.e.*, when each party "was at fault in bringing about the injury to the innocent party"), and "in justice each tortfeasor should share his part in the burden of making the injured party whole again." . . . [I]t follows that a right to contribution cannot arise without a finding that the party seeking contribution is a joint tortfeasor along with the party from whom contribution is sought.

In the instant case, the jury found both WMATA and Co-Defendant Woodson to be joint tortfeasors. Once, as here, the right of contribution is clear, the next step for the court is to consider the issues of pro tanto/pro rata credits. "A *pro tanto* credit is based on the actual settlement amount, "dollar-for-dollar," while a *pro rata* credit is based on proportionate shares of liability among joint tortfeasors." Paul v. Bier, 758 A.2d 40, 42 (D.C. 2000).

In Berg v. Footer, 673 A.2d 1244, 1248-49 (D.C. 1996), the D.C. Court of Appeals held, inter alia, that a nonsettling defendant against whom a jury verdict was entered was entitled to a pro rata credit where the settling tortfeasor was a joint tortfeasor, stating:

> The United States Court of Appeals for the District of Columbia Circuit, in cases this court has applied many times, has announced two rules for awarding credits to a nonsettling defendant found liable for a plaintiff's injuries. The first rule applies when the plaintiff settles with one defendant, later found to be a joint tortfeasor, and successfully proceeds to trial against a second defendant. [Footnote omitted]. The court awards the nonsettling defendant a *pro rata* (50%) credit against the verdict, representing the right to contribution. . . .
>
> When the plaintiff has settled with a party whose culpability has not been determined, or with a party whom the finder of fact has found not liable, the court awards the nonsettling defendant a credit against the verdict in the amount of the settlement, dollar-for-dollar (*pro tanto*).

In Martello v. Hawley, 300 F.2d 721 (D.C. Cir. 1962), the plaintiff settled with one joint torfeasor for $700, and the jury awarded $2,000 to the plaintiff against the nonsettling defendant. The D.C. Circuit held that the trial court correctly entered judgment against the defendant for $1,000, which was 50% of the jury's verdict, stating:

> Accordingly, we now hold in the factual circumstances of this case that when settlement is made with one joint tort-feasor and later a verdict is obtained against the other, and the jury finds that the settling tort-feasor should contribute, then the verdict should be credited with one-half its total amount and the defendant tort-feasor should be required to pay only the remaining balance, namely, one-half the total original verdict.

300 F.2d at 724.

In light of the foregoing precedent, Judge Urbina correctly ruled that "[i]f the jury concludes that WMATA and Woodson were jointly responsible for the plaintiff's injuries, WMATA will be entitled to a *pro rata* credit against any verdict in the plaintiff's favor." November 8, 2010 Memorandum Opinion at 5-6. The jury has now so found, and a 50% reduction in the $675,000 verdict to $337,500 must be made before entry of judgment. Judge Urbina's ruling should be upheld as the law of the case. Alternatively, his ruling should be

followed because he correctly applied the law in the District of Columbia relating to pro rata credits.

CONCLUSION

For the foregoing reasons, WMATA respectfully requests that this motion be granted and that judgment be entered in the amount of $337,500, subject to WMATA's Motion for a New Trial and/or any appeal.

Respectfully submitted,

WASHINGTON METROPOLITAN AREA
TRANSIT AUTHORITY

Carol B. O'Keeffe
General Counsel

/s/ Mark F. Sullivan
Mark F. Sullivan #430876
Deputy General Counsel
msullivan@wmata.com

/s/ Gerard J. Stief
Gerard J. Stief # 925933
Senior Associate Counsel
gstief@wmata.com

/s/ Janice L. Cole
Janice L. Cole #440351
Associate General Counsel
jlcole@wmata.com

/s/ Kathleen A. Carey
Kathleen A. Carey #357990
Associate General Counsel
600 Fifth Street, N.W.
Washington, D.C. 20001
(202) 962-1496
kcarey@wmata.com

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MARGARETTA SIBERT-DEAN,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY**<br><br>**Defendant/Third Party Plaintiff**<br><br>**v.**<br><br>**NORMA JEAN WOODSON**<br><br>**Third Party Defendant** | **Case No. 1:08-cv-02145-BAH** |

**ORDER**

Upon consideration of WMATA's motion to enter judgment reflecting a pro rata credit in this matter, any Opposition thereto, and for Good Cause Shown, it is, this ____ day of October 2011, hereby,

ORDERED, that WMATA is entitled to a pro rata credit in this matter and that judgment shall be entered against WMATA in the amount of $337,500, said amount reflecting that pro rata credit.

____________________________________
Judge Beryl A. Howell

Copies (electronically) to:

Michael J. Belsky
Lindsay C. Cooper

Peter Grenier
Jacob M. Lebowitz

Janice L. Cole
Kathleen A. Carey

Robert Heatherington
Megan Greene