UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARGARETTA SIBERT-DEAN,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:08-cv-02145-BAH |
| ) | |
| **WASHINGTON METROPOLITAN** ) | |
| **AREA TRANSIT AUTHORITY** ) | |
| ) | |
| Defendant/Third Party Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| **NORMA JEAN WOODSON** ) | |
| ) | |
| Third Party Defendant ) | |

## DEFENDANT WMATA'S MOTION FOR A NEW TRIAL

Defendant Washington Metropolitan Area Transit Authority, pursuant to Fed. R. Civ. P. 59, hereby moves the court for a new trial as to WMATA on the following grounds.

The Court erred as a matter of law by instructing the jury on Standardized Civil Jury Instruction (D.C.) No. 5.09 ("Violation of Regulation/Statute—Negligence Per Se") over WMATA's objection. The court incorporated two sections of 18 DCMR, § 2213.4 (regarding full time and attention) and § 2206.1 (regarding the moving of a stopped vehicle), which had possible relevance to WMATA, into Jury Instruction 5.09. The court's rationale in giving the instruction, over objection by WMATA, was based on Burns v. WMATA, 114 F.3d 219 (D.C. Cir. 1997).

The court's reliance on <u>Burns</u> in giving Instruction No. 5.09, rather than Instruction No. 5.10 (Violation of Regulation/Statute—Evidence of Negligence"), as requested by WMATA, is in conflict with applicable District of Columbia law and constituted prejudicial error. Controlling precedent of both the D.C. Circuit and the District of Columbia Court of Appeals establishes that, to justify the use of Instruction 5.09, a statute or regulation must mandate specific guidelines governing the defendant's action, and not merely address general principles which mirror the common law standards for a negligence action. See <u>Joy v. Bell Helicopter Textron, Inc.</u>, 999 F.2d 549, 558 (D.C. Cir. 1993) ("There is ample authority in D.C. law for the proposition that an alleged violation of a statute or regulation gives rise to a claim of negligence per se only when that statute or regulation sets forth specific guidelines to govern behavior"); <u>McNeal Pharmaceutical v. Hawkins</u>, 686 A.2d 567, 579 (D.C. 1996) ("a statute or regulation offered to establish a standard for negligence <u>per se</u> purposes must not merely repeat the common law duty of reasonable care, but must set forth the 'specific guidelines to govern behavior'"). Because the referenced DCMR's do not provide specific guidelines to govern behavior, but rather general principles, the court erred in giving the negligence <u>per se</u> instruction as to WMATA. Consequently, in light of the highly prejudicial nature of this error, a new trial should be granted as to WMATA.

WHEREFORE, for the foregoing reasons, and as set forth in greater detail in the accompanying memorandum, WMATA respectfully requests that this motion be granted and that a new trial be granted as to WMATA.

## **COORDINATION WITH COUNSEL**

Undersigned counsel hereby states that Plaintiff does not give her consent to this Motion. WMATA's counsel both called and emailed Third-Party Defendant's counsel, but did not hear from either of Woodson's attorneys before this motion was filed, and therefore assumes there is no consent.

Respectfully submitted,

WASHINGTON METROPOLITAN AREA
 TRANSIT AUTHORITY

Carol B. O'Keeffe
General Counsel

/s/ Mark F. Sullivan
Mark F. Sullivan #430876
Deputy General Counsel
msullivan@wmata.com


/s/ Gerard J. Stief
Gerard J. Stief  # 925933
Senior Associate General Counsel
gstief@wmata.com


/s/  Janice L. Cole
Janice L. Cole #440351
Associate General Counsel
jlcole@wmata.com

/s/ Kathleen A. Carey
Kathleen A. Carey #357990
Associate General Counsel
600 Fifth Street, N.W.
Washington, D.C.  20001
(202) 962-1496
kcarey@wmata.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of WMATA's Motion for a New Trial, Memorandum of Points and Authorities in support thereof, and Proposed Order, was served through the Court's efiling system on this 7th day of October, 2011 to:

>Michael J. Belsky, pro hac vice
>Lindsay C. Cooper #500158
>Schlachman, Belsky & Weiner, PA
>300 East Lombard Street-Suite 1100
>Baltimore, Maryland  21202
>(410) 685-2022
>Counsel for Plaintiff
>
>Peter Grenier #418570
>Jacob M. Lebowitz #483742
>Bode and Grenier, LLP
>1150 Connecticut Avenue, N.W. – Ninth Floor
>Washington, D.C.  20036-4129
>(202) 828-4100
>Counsel for Plaintiff
>
>McCARTHY WILSON LLP
>
>Robert B. Hetherington, Esq. #401136
>Megan Greene
>2200 Research Boulevard
>Rockville, Maryland 20850
>(301) 762-7770
>Counsel for Third-Party Defendant Woodson
>
>
>/s/ Janice L. Cole
> Janice L. Cole

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MARGARETTA SIBERT-DEAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:08-cv-02145-BAH |
| ) | |
| WASHINGTON METROPOLITAN ) | |
| AREA TRANSIT AUTHORITY ) | |
| ) | |
| Defendant/Third Party Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| NORMA JEAN WOODSON ) | |
| ) | |
| Third Party Defendant ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT
WMATA'S MOTION FOR A NEW TRIAL**

Introduction

Defendant Washington Metropolitan Area Transit Authority ("WMATA") hereby submits this Memorandum of Points and Authorities in support of its Motion for a New Trial. At trial, and over WMATA's objection, the court instructed the jury utilizing Standardized Civil Jury Instruction (D.C.) No. 5.09 ("Violation of Regulation/Statute—Negligence Per Se"). In No. 5.09, the court read six sections of the DCMR's, two of which arguably had application to

WMATA's bus operator. DCMR 2213 ("Obstruction of Driver's View or Driving Mechanism: Improper Riding"), subsection 4, states:

> An operator shall, when operating a vehicle, give full time and attention to the operation of the vehicle.

DCMR 2206 ("Starting, Stopping and Backing"), subsection 1, states:

> No person shall start a vehicle which is stopped, standing, or parked unless and until the movement can be made with reasonable safety.

The court's instruction (page 10 of 16) further stated, in relevant part:

> If you find that WMATA has violated any of these regulations then you must find this defendant negligent.

In closing argument, Plaintiff's counsel emphasized DCMR 2213.4, arguing that WMATA must be found negligent under this regulation and Instruction No. 5.09. Counsel for Plaintiff utilized the court's projection equipment to highlight this instruction to the jury. WMATA objected to the giving of this negligence per se instruction, as opposed to the instruction on evidence of negligence (No. 5.10).

## ARGUMENT

**I. The Court Should Grant WMATA A New Trial Because, Under Applicable D.C. Law, The Negligence Per Se Instruction Does Not Apply Unless The Regulation Mandates Specific Guidelines, Not Merely General Principles Which Mirror The Common Law Standards.**

Section 80 of the WMATA Compact, reprinted at D.C. Code Section 9-1107.01(80), provides, inter alia, a limited waiver of WMATA's sovereign immunity for torts occurring in the conduct of a proprietary function "in accordance with the law of the applicable signatory". In the instant case, that signatory is the District of Columbia because that is where the accident in issue occurred. Therefore, as the parties agreed at trial, District of Columbia law applies to this case. Although prior to the reorganization of the D.C. Courts in 1971, the D.C. Circuit, absent Supreme Court intervention, was the final judicial voice on District of Columbia law, after the

2

1971 reorganization, the D.C. Court of Appeals became the highest court for District of Columbia law.

District of Columbia law, as expounded by both the D.C. Court of Appeals and the D.C. Circuit, clearly holds that the negligence per se instruction (No. 5.09) is limited in scope and should not be given unless the applicable statute or regulation mandates specific guidelines governing a defendant's actions. This instruction should not be given where the statute or regulation merely addresses general principles which mirror the common law standards for a negligence action.

In Chadbourne v. Kappaz, 779 A.2d 293 (D.C. 2001), the issue was whether the trial court erred in giving a modified instruction which did not require the jury to find that a violation of the D.C. leash law was not negligence per se. See D.C. Code Section 6-1008(a) ("No owner of an animal shall allow the animal to go at large"). In affirming the decision below, the Court of Appeals held that "the trial court's modified instruction was not error because D.C. Code Section 6-1008(a) is too general a statute to be the subject of a negligence per se instruction." 779 A.2d at 296. The Court of Appeals further stated:

> Thus, while the statute sets a general standard of care for animal owners in the District of Columbia, it does not contain the kind of specific guidelines that would allow one to determine whether the statute has been violated without resorting to a common law reasonable care analysis. Thus, we conclude that a negligence per se instruction was not warranted in this case.

779 A.2d at 297.

In McNeil Pharmaceutical v. Hawkins, 686 A.2d 567 (D.C. 1996), the Court of Appeals reversed a verdict rendered in favor of the estate of a patient in a products liability action against a pharmaceutical manufacturer. With respect to the issue of negligence per se, the Court of Appeals stated that "a statute or regulation offered to establish a standard for negligence per se

3

purposes must not merely repeat the common law duty of reasonable care, but must set forth 'specific guidelines to govern behavior.'"  686 A.2d at 579.

In <u>District of Columbia v. Mitchell</u>, 533 A.2d 629 (D.C. 1987), an inmate at the Lorton Reformatory sued for injuries resulting from three unrelated incidents.  Under D.C. Code Section 24-442 (1987 Supp.), the D.C. Department of Corrections was "responsible for the safekeeping, care, protection, instruction, and discipline" of Lorton inmates.  In holding that the statute did not give rise to a claim of negligence <u>per se</u>, the Court of Appeals stated:

> As we see it, the statute implicitly recognizes a duty of reasonable care under the circumstances, the same common law standard we generally apply in all contexts of alleged negligence. . . .  We see nothing in the statute—certainly no specifics—that could give rise to a claim of negligence <u>per se</u> . . . , let alone to a claim that the entire responsibility for an injury falls on the District absent an inmate's willful, wanton, or reckless conduct.

533 A.2d at 639.  <u>See also</u>  <u>Thoma v. Kettler Bros., Inc.</u>, 632 A.2d 725, 728 n.8 (D.C. 1993) ("Still another reason why a negligence <u>per se</u> instruction would have been improper is the generality of the regulations at issue here, which do not differ significantly in the particulars from the common law standard of reasonable care in the circumstances"); <u>Lewis v. WMATA</u>, 463 A.2d 666, 674 (D.C. 1983) (plaintiffs failed to "explain why they considered Section 1306 a specific standard of conduct to which the rule regarding negligence <u>per se </u>should apply, since Section 1306 merely requires a structure to be 'sufficiently supported'").

D.C. Circuit precedent is consistent with that of the D.C. Court of Appeals.  In <u>Joy v. Bell Helicopter Textron, Inc</u>., 999 F.2d 549 (D.C. Cir. 1993), the estates of helicopter crash victims brought a products liability action against the engine manufacturer.  The plaintiffs sought a negligence <u>per se</u> instruction based on two regulations.  The first regulation, 14 C.F.R. Section 91.9 (1987), provided that "[n]o person may operate an aircraft in a careless or reckless manner

so as to endanger the life or property of another." The second regulation, 14 C.F.R.§ 91.79 (1987), provided that "no person may operate an aircraft below the following altitudes: (a) Anywhere. An altitude allowing, if a power unit fails, an emergency landing without undue hazard to persons or property on the surface." In affirming the district court's refusal to give a negligence per se instruction, the D.C. Circuit stated:

> We find that the district court acted properly in refusing to give the negligence per se instruction. We conclude, first, that section 91.9 is far too general to be the subject of a negligence per se instruction. There is ample authority in D.C. law for the proposition that an alleged violation of a statute or regulation gives rise to a claim of negligence per se only when that statute or regulation sets forth specific guidelines to govern behavior. . . . From the standpoint of the negligence per se doctrine, section 91.79(a) suffers from precisely the same defect as section 91.9. Under section 91.79(a), a pilot is required to fly at an altitude from which he may make an emergency landing without "undue hazard to persons or property." This, however, is simply another way of saying that a pilot must exercise "due care." Certainly, it is impossible to discern from the face of this rule any specific instructions concerning flight operations.

999 F.2d at 558-59.

The D.C. Circuit has emphasized that, in general, traffic regulations that only serve "to clarify and define the elements of due care" are not the type of regulations which can support a negligence per se instruction. Bowman v. Redding & Co., 449 F.2d 956, 966 (D.C. Cir. 1971). The types of statutes or regulations for which the appellate courts in this jurisdiction have supported a negligence per se instruction generally involve issues such as specific mandates related to building codes or the serving of alcoholic beverages. See Perkinson v. Gilbert/Robinson, Inc., 821 F.2d 686, 691-93 (D.C. Cir. 1987) (requirement for a nonslip surface on steps in a restaurant); Zhou v. Jennifer Mall Restaurant, Inc., 534 A.2d 1268, 1275 (D.C. 1987) (statutory prohibition against serving alcohol to an intoxicated person).

In the instant case, the court sua sponte revisited its initial decision to give the evidence of negligence instruction (No. 5.10) in favor of the negligence per se instruction (No. 5.09) based

on Burns v. WMATA, 114 F.3d 219 (D.C. Cir. 1997). The court's reliance on Burns is misplaced. In Burns, WMATA's bus was headed north on Bladensburg Road and attempted to make a left turn onto Eastern Avenue when it was struck near the right rear wheel by the plaintiff's vehicle which was heading south on Bladensburg Road. The D.C. Circuit took judicial notice that 18 D.C.M.R. 2200.6 provided a 25 mph speed limit in the District of Columbia unless otherwise posted, and there was testimony to that effect. 114 F.3d at 223. The plaintiff himself admitted that he was travelling between 25 and 35 mph. Although the D.C. Circuit stated that the jury should have been instructed that the plaintiff's speeding, if proven, was negligence per se, the regulation regarding the speed limit constituted a specific guideline, and did not merely address general principles mirroring common law standards. Moreover, the D.C. Circuit in Burns evidently was not presented with the issue in the instant case, i.e., that the regulations in issue were "far too general to be the subject of a negligence per se instruction." Joy, 999 F.2d at 558. Furthermore, to the extent that there may be any perceived tension on this issue between Burns and the post-1971 reorganization decisions of the D.C. Court of Appeals discussed above, the decisions of the D.C. Court of Appeals on matters of District of Columbia law must control. See Belton v. WMATA, 20 F.3d 1197, 1200 (D.C. Cir. 1994) (post-January 31, 1971 decisions of the D.C. Circuit are not binding on the D.C. Court of Appeals with respect to District of Columbia law).

During the discussions at trial in the instant case on whether to give the negligence per se instruction, as opposed to the evidence of negligence instruction, the court appeared to be focused on the proposition that "[t]he 'general rule' in this jurisdiction is that 'where a particular statutory or regulatory standard is enacted to protect persons in the plaintiff's position or to prevent the type of accident that occurred, and the plaintiff can establish his relationship to the

6

statute, *unexplained* violation of that standard renders the defendant negligent as a matter of law.'" Ceco Corp. v. Coleman, 441 A.2d 940, 945 (D.C. 1982) (citations omitted) (emphasis in original). However, that statement does not obviate the binding precedent as expressed in the subsequent holdings of Chadbourne, McNeal Pharmaceutical, Mitchell, Thoma, Lewis, and Joy that a negligence per se instruction should not be given absent specific guidelines in a statute or regulation or where the statute or regulation merely reflects common law standards in a negligence action.

The two regulations in issue as to WMATA, 18 DCMR §§ 2213.4 and 2206.1, are far too general to invoke the negligence per se instruction. With respect to Section 2213.4, this regulation merely provides that a driver must "give full time and attention to the operation of the vehicle." This regulation provides no "specific guidelines to govern behavior." Joy, 999 F.2d at 558. This "simply is another way of saying that [the bus operator] must exercise 'due care.'" Id. The highly prejudicial nature of this instruction was exacerbated by the fact that the instruction required the jury to find WMATA negligent if it found that WMATA violated any of these regulations, as opposed to merely providing evidence of negligence for the jury to weigh. Plaintiff's counsel, in closing argument, exacerbated the prejudice to WMATA resulting from the giving of this instruction with this regulation by emphasizing it and utilizing the projection equipment to show it to the jury.

Although the improper giving of the negligence per se instruction with 18 DCMR § 2213.4 in and of itself mandates a new trial, the court also erred in combining the instruction with 18 DCMR § 2206.1, which provides that "[n]o person shall start a vehicle which is stopped, standing or parked unless and until the movement can be made with reasonable safety." As with the full time and attention regulation, § 2206.1 likewise provides no specific guidelines and in

7

essence says that a driver should exercise due care. A new trial is required in light of § 2206.1 as well.

## CONCLUSION

For the foregoing reasons, WMATA respectfully requests that this motion be granted and that a new trial be ordered as to WMATA.

                                              Respectfully submitted,

                                              WASHINGTON METROPOLITAN AREA
                                               TRANSIT AUTHORITY

                                              Carol B. O'Keeffe
                                              General Counsel

                                              /s/ Mark F. Sullivan
                                              Mark F. Sullivan #430876
                                              Deputy General Counsel
                                              msullivan@wmata.com

                                              /s/ Gerard J. Stief
                                              Gerard J. Stief  # 925933
                                              Senior Associate General Counsel
                                              gstief@wmata.com

                                              /s/  Janice L. Cole
                                              Janice L. Cole #440351
                                              Associate General Counsel
                                              jlcole@wmata.com

                                              /s/ Kathleen A. Carey
                                              Kathleen A. Carey #357990
                                              Associate General Counsel
                                              600 Fifth Street, N.W.
                                              Washington, D.C.  20001
                                              (202) 962-1496
                                              kcarey@wmata.com

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MARGARETTA SIBERT-DEAN,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:08-cv-02145-BAH |
| ) | |
| **WASHINGTON METROPOLITAN** ) | |
| **AREA TRANSIT AUTHORITY** ) | |
| ) | |
| Defendant/Third Party Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| **NORMA JEAN WOODSON** ) | |
| ) | |
| Third Party Defendant ) | |

ORDER

Upon consideration of Defendant WMATA's Motion for a New Trial, the Opposition thereto, and good cause having been shown, it is by the court this ___ day of _____, 2011:

ORDERED, that the motion is granted because the jury was improperly instructed on negligence <u>per se</u> and for the reasons stated in WMATA's motion. A new trial is hereby granted as to Defendant WMATA. The parties shall contact the courtroom deputy to select a new trial date.

                                                                    Judge Beryl A. Howell

Copies (electronically) to:

Michael J. Belsky
Lindsay C. Cooper

Peter Grenier
Jacob M. Lebowitz

Janice L. Cole
Kathleen A. Carey

Robert Heatherington
Megan Greene