UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARGARETTA SIBERT-DEAN,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>**WASHINGTON METROPOLITAN** )<br>**AREA TRANSIT AUTHORITY** )<br>)<br>Defendant. )<br>) | Case No. 1:08-cv-02145 (BAH) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT WMATA'S**
**MOTION FOR A NEW TRIAL**

COMES NOW Plaintiff Margaretta Sibert-Dean, by counsel, and submits her Opposition to Defendant WMATA's Motion For a New Trial. The Court must deny WMATA's Motion for a New Trial because WMATA has failed to demonstrate a clear and obvious error of law or fact. WMATA raises only one issue in its Motion, that the Court erred in instructing the jury that violation of either of two District of Columbia ("D.C.") traffic regulations, 18 D.C.M.R. §2213.4 and §2206.1, constituted negligence per se. This argument fails because D.C. case law has consistently found that D.C. traffic regulation violations are properly considered negligence per se. In fact, D.C. law makes it reversible error not to consider violations of the traffic regulations as negligence per se. Further, WMATA has not cited any case applying its suggested standard for negligence per se to traffic regulations. Additionally, WMATA itself originally requested that these very regulations <u>be included</u> in the jury instructions vis-a-vis Third-Party Defendant Woodson; it is disingenuous to now argue that it was error to do so. Finally, even if the Court accepts WMATA's contentions, any error was harmless and should be disregarded as it did not

affect the outcome at trial or any party's substantial rights. After an eight day trial, including over ten hours of jury deliberations, a unanimous jury found that a WMATA bus driver negligently caused a traffic accident that proximately caused Plaintiff to be seriously injured and that Plaintiff was entitled to significant damages for her injuries. The Court should not usurp the will of the jury as there is no evidence that this result was a clear miscarriage of justice.

**WMATA Does Not Meet The Standard For Granting A New Trial**

In order for WMATA to prevail, its Motion for a New Trial "must establish a clear and obvious error of law or fact." *Evans v. Wash. Metro. Area Transit Auth.*, 2011 U.S. Dist. LEXIS 115439 (D.D.C. Oct. 6, 2011). WMATA has failed to establish any clear and obvious error and the Court should not grant the Motion for a New Trial. At the trial court's discretion, a new trial should only be granted "where the court is convinced the jury verdict was a seriously erroneous result and where denial of the motion will result in a clear miscarriage of justice." *SEC v. Johnson*, 565 F. Supp. 2d 82, 86 (D.D.C. 2008) (internal citing, quotations and quotation marks omitted); *Martinez v. District of Columbia*, 503 F. Supp. 2d 353, 355 (D.D.C. 2007). In a motion for a new trial based on a jury instruction, "[t]he harmless error rule applies; to warrant reversal, the error must have been prejudicial: It must have affected the outcome of the district court proceedings." *Czekalski v. Lahood*, 589 F.3d 449, 453 (D.C. Cir. 2009) (internal citations omitted). Accordingly, a district court should exercise its discretion "sparingly and cautiously." *Alkire v. Marriott Int'l, Inc.*, 2007 U.S. Dist. LEXIS 25530, *12-13 (D.D.C. Apr. 5, 2007). "Generally, a new trial may only be granted when a manifest error of law or fact is presented." *SEC v. Johnson*, 565 F. Supp. 2d at 86; *In re Lorazepam & Clorazepate Antitrust Litig.*, 467 F. Supp. 2d 74, 87 (D.D.C. 2006). In making this decision, "the court should be mindful of the jury's special function in our legal system and hesitate to disturb its findings. *Id.* (citing *Nyman*

*v. FDIC*, 967 F. Supp. 1562, 1569 (D.D.C. 1997) (quoting *Lewis v. Elliott*, 628 F. Supp. 512, 516 (D.D.C. 1986)). WMATA seeks to have the jury's will overruled based on the Court's proper use of a negligence per se jury instruction for violations of D.C. traffic regulations that WMATA themselves proposed originally. In this case, WMATA cannot and does not show that a clear miscarriage of justice has occurred and the Court must not disturb the jury's findings as they did not reach a seriously erroneous result.

**Traffic Regulations Violations Are Properly Deemed Negligence Per Se Under D.C. Law**

WMATA argues that the "Court erred as a matter of law by instructing the jury on Standardized Civil Jury Instruction (D.C.) No. 5.09 ('Violation of Regulation/Statute – Negligence Per Se') over WMATA's objection." Def. Mot. at 1. Specifically WMATA argues that two D.C.M.R. traffic regulations, 18 D.C.M.R. §2213.4 and §2206.1 (together the "Contested DCMRs") were improperly submitted to the jury as a basis for finding negligence per se. WMATA contends that they should have been submitted under Instruction No.5.10 (Violation of Regulation/Statute – Evidence of Negligence) instead. This argument is contrary to the weight of D.C. law on the topic.

This very Court – indeed, this Judge - has ruled on this argument by WMATA a mere five days ago, while WMATA's motion in this case was pending, and found that the Court was "bound by [the] precedent that violations of traffic regulations may constitute negligence per se." *Mahnke v. Wash. Metro. Area Transit Auth.,* 2011 U.S. Dist. LEXIS 121363, 24-26 (D.D.C. Oct. 20, 2011) (J. Howell). In reaching that conclusion the Court summarized the law and stated:

> In the District of Columbia, "where a particular statutory or regulatory standard is enacted to protect persons in the plaintiff's position or to prevent the type of accident that occurred, and the plaintiff can establish his relationship to the statute, unexplained violation of that standard renders the defendant negligent as a matter of law." *Childs v. Purll*, 882 A.2d 227, 235 (D.C. 2005) (internal citation and quotation marks omitted); *Richardson v. Gregory*, 281 F.2d 626, 629 (D.C. Cir. 1960); *see Joy*

3

> *v. Bell Helicopter Textron, Inc*., 999 F.2d 549, 557 (D.C. Cir. 1993) (quoting *Ceco Corp. v. Coleman*, 441 A.2d 940, 945 (D.C. 1982)); *Iacangelo v. Georgetown Univ*., 595 F. Supp. 2d 87, 91 (D.D.C. 2009) (same). Although the defendant contends otherwise, D.C. courts have repeatedly held that "the unexplained violation of a traffic regulation enacted . . . to . . . prevent the type of accident that occurred constitutes negligence per se." *Burns v. Washington Metro. Area Transit Auth*., 114 F.3d 219, 223 (D.C. Cir. 1997) (internal citations and quotation marks omitted); *see also Stevens v. Hall*, 391 A.2d 792, 796 n.2 (D.C. 1978) ("Our Court of Appeals has consistently held in personal injury cases involving vehicles that if an applicable traffic regulation is violated negligence has been established as a matter of law, thus leaving only the question of proximate cause to be decided," quoting *Herrell v. Pimsler*, 307 F. Supp. 1166, 1168 (D.D.C. 1969)); *Bauman v. Sragow*, 308 A.2d 243, 244 (D.C. 1973) (per curiam) ("Violation of traffic regulations may, of course, constitute negligence per se."); *Herrell,* 307 F. Supp. at 1168 ("It is firmly established in this jurisdiction that violation of traffic regulations designed to promote safety is negligence as a matter of law where actions of adults are involved."); *see also Abel v. First Sec. Ins. Co. of Am*., 120 A.2d 586, 587 (D.C. App. 1956) ("[A]lthough violation of traffic regulations may be negligence per se, it is still a question of fact whether or not the regulations were actually violated, and if so whether their violation was the proximate cause of the collision.").

*Mahnke.,* 2011 U.S. Dist. LEXIS 121363, 24-26. WMATA does not argue - nor could it - that Plaintiff was not a member of the class of person the regulations were enacted to protect, nor that this was not the type of accident the regulations were designed to prevent. Additionally, WMATA does not offer an explanation for why the violation occurred, *nor was there any evidence presented at trial to explain the violation.* As such, Plaintiff submits that there is no reason why the holding should be any different in this case; violation of the Contested DCMRs were properly presented to the jury as negligence per se.

**WMATA Wrongly Claims The Contested DCMRs Should Only Have Been Evidence Of Negligence; It Would Have Been Reversible Error For The Court To So Find**

WMATA contends that it was error to include the Contested DCMRs as negligence per se instead of evidence of negligence because they "do not provide specific guidelines to govern behavior." Def. Mot. at 2. In making this argument, WMATA ignores D.C. law, cited in the comment to Jury Instruction 5.10 itself, holding that "it is reversible error to give only an evidence of negligence instruction and not the negligence per se instruction … where the

4

defendant has offered no excuse or explanation for his violation of the statute." 1-5 Civ. Jury Instr. D.C. §5.10 (2011) (citing *Perkinson v. Gilbert/Robinson, Inc.*, 821 F.2d 686, 692 (D.C. Cir. 1987)). See also Burns v. WMATA, 114 F.3d 219, 222-223 (D.C. Cir. 1997). Thus, the only scenario whereby the Court should have given Jury Instruction 5.10 for violation of the Contested DCMRs was if there was a valid excuse or explanation for the violation, which WMATA never offered or claimed in this case.

WMATA has offered no excuse or explanation for its driver's violation of the Contested DCMRs, nor does it now assert such argument in seeking a new trial. Further, at trial no evidence was presented that any of the excuses or explanations that would make violation of a traffic regulation mere evidence of negligence were applicable in this case. *See, for e.g. Leiken v. Wilson*, 445 A.2d 993, 1002 (D.C. 1982) ("If a party charged with statutory or regulatory negligence produces competent evidence tending to explain or excuse his or her violation of the statutory or regulatory standard, the jury is properly instructed, upon proper request of the party, that the violation is evidence of negligence, but not negligence as a matter of law.) (citing *Ceco Corp. v. Coleman*, D.C.App., 441 A.2d 940, 945 (1982)). That is not what happened at trial. WMATA argued there was no violation of traffic regulations by its driver, not that they were violated for a justifiable reason, such as emergency or inability to comply. Even if WMATA had made this argument, there was no competent evidence to support overcoming the rebuttable presumption of negligence per se. *Washington Metro. Area Transit Authority v. Davis*, 606 A.2d 165, 174-175 (D.C. 1992) (a reasonable jury could not conclude that [the bus driver] had done all she could to comply with the traffic regulation). As such, WMATA never put a proper excuse or justification for violating the traffic regulations before the Court and it was therefore proper to instruct the jury that violations of the Contested DCMRs was negligence per se. In fact,

5

it would have been reversible error for the Court to not give the negligence per se instruction for the violations.

**WMATA Fails to Cite Any Case Law Applying Its Suggested Test for Negligence Per Se to Traffic Regulations, Which Would Fail Even If Applied To The Contested DCMRs**

WMATA's central argument for a new trial is that the Contested DCMRs "do not provide specific guidelines to govern behavior" but "merely address general principles which mirror the common law standards for a negligence action." Def. Mot. at 2. In making this argument, WMATA cites to a number of D.C. cases that do not deal with traffic regulations. *See, e.g., Chadbourne v. Kappaz*, 779 A.2d 293 (D.C. 2001) (leash laws); *McNeil Pharmaceutical v. Hawkins,* 686 A.2d 567 (D.C. 1996)(dicta)(criminal statutes and FDA regulations); *District of Columbia v. Mitchell,* 533 A.2d 629 (D.C. 1987) (Dept. of Corrections regulations); *Thoma v. Kettler*, 632 A.2d 725, 728-29 n.8 (D.C. 1993) (construction site standards); *Lewis v. WMATA*, 463 A.2d 666, 674 (D.C. 1983) (building codes); *Joy v. Bell Helicopter Textron, Inc*., 999 F.2d 549 (D.C. Cir. 1993) (aircraft flight regulations). With no precedent supporting the application of this exclusion to traffic regulations, WMATA incredibly cites to *Bowman v. Redding & Co.*, 449 F.2d 956, 966 (D.C. Cir. 1971), for the proposition that "traffic regulations that only serve to 'clarify and define the elements of due care' are not the type of regulations which can support a negligence per se instruction." Def. Mem. Pts. & Auth. at 5. *Bowman* dealt with violations of construction regulations for hoist safety and *only mentioned as dicta traffic safety regulation when discussing contributory negligence. Bowman*., 449 F.2d at 966 ("In the ordinary negligence case involving automobiles, the legislative policy underlying traffic and kindred regulations is discernible as one that is intended to clarify and define the elements of due care. But such regulations are not intended to affect legal doctrines holding that a vehicle operator guilty of negligence--whether ascertained by a jury applying the broad common law standard or by a

particular legislative standard--is not liable to an individual whose own negligence materially contributed to his injury.")  In fact, as discussed above, non-excused violations of traffic regulations in D.C. are clearly negligence per se and properly presented to the jury as such. *Mahnke v. Wash. Metro. Area Transit Auth.,* 2011 U.S. Dist. LEXIS 121363, 24-26 (D.D.C. Oct. 20, 2011).  There are numerous examples of D.C. cases so holding.  *See, e.g., Johnson v. Strouse,* 697 F. Supp. 535, 537 (D.D.C. 1988) (18 DCMR § 2208.1, yield the right of way); *Lewis v. Washington Metropolitan Area Transit Authority*, 463 A.2d 666, 674 (D.C. 1983) (18 DCMR § 2208.2, 18 DCMR § 2208.3, 18 DCMR § 2280.5); *Leiken v. Wilson*, 445 A.2d 993, 1002 (D.C. 1982) (18 DCMR § 720.2; 32 DCRR § 6.301(1), "All brakes shall be maintained in good working order . . ."); *Bauman v. Sragow*, 308 A.2d 243, 244 (D.C. 1973) (speeding and failing to signal).

Even if the Court were to indulge WMATA's argument that the two Contested DCMRs were required to have "specific guidelines to govern behavior" they are still properly the grounds for the negligence per se instruction.  Def. Mot. Pts. & Auth. at 7.  First, a violation of 18 DCMR §2213.4 has previously been found by the D.C. Court of Appeals to be sufficient to find contributory negligence as a matter of law.  *Washington v. A & H Garcias Trash Hauling Co.,* 584 A.2d 544, 547 (D.C. 1990).  In that case, the Court found that the trial judge had correctly directed a verdict for the Defendant based on the contributory negligence of the Plaintiff bicyclist who had been riding "without giving his full time and attention to the operation of the vehicle," specifically he had been "negligent in failing to anticipate the possibility that the truck would turn right onto M Street [and] failing to observe the truck sufficiently to ascertain whether the truck would do so and subsequently was commencing to do so …" *Id*.  To state the obvious, if

the requirement is sufficient to be contributory negligence as a matter of law, it is sufficient to be negligence per se on behalf of a Plaintiff.

Further, Section 2213.4's requirement that a driver "give full time and attention" is a specific guideline that governs behavior in that it requires a driver to pay attention, not be distracted, and not be engaging in other activities while driving (certainly a problem in these days of multitasking and technology), amongst others. In this case, the jury could have very easily found that WMATA's driver was not giving full time and attention because he was watching some young girls at the bus stop. There was testimony on that point from Plaintiff and from an independent witness, Patricia Shelton.

Defendant also argues that 18 DCMR § 2206.1 does not provide "specific guidelines" and is "in essence due care." Def. Mot. Pts. & Auth. at 7-8. DCMR 2206.1 provides that "[n]o person shall start a vehicle which is stopped, standing or parked unless and until the movement can be made with reasonable safety." This is not a provision requiring just due care, this provision specifically applies to beginning to move your vehicle before it is safe to do so. It speaks to a driver understanding his/her surroundings and checking to make sure everything is safe before starting. There was testimony during trial that WMATA's driver started the bus from a stopped position before he could do so with reasonable safety.

**WMATA Itself Requested Negligence Per Se Instructions Against Third-Party <u>Defendant Woodson and is Disingenuous in Now Claiming They Should Not Apply</u>**

In its proposed Jury Instructions, WMATA submitted to the Court a request for Jury Instruction 5.09 based on a number of claimed violations of DCMR provisions by Third-Party Defendant Woodson, including 18 DCMR § 2213.4, one of the Contested DCMRs. (See Exhibit 1). Additionally, included in WMATA's submissions was a violation of DCMR 2204.2, which provides that, "[n]o person shall turn a vehicle to enter a private road or driveway or otherwise

turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety." (See Exhibit 1). This instruction was included in the final jury instructions without objection by WMATA. Incredibly, WMATA now argues that inclusion of the almost identical instruction in terms of regulation of behavior, DCMR 2206.1, as negligence per se, is grounds for a new trial. Def. Mot. Pts. & Auth. at 7. DCMR 2206.1 provides that "[n]o person shall start a vehicle which is stopped, standing or parked unless and until the movement can be made with reasonable safety." *Id*. This is the same instruction WMATA requested and received, dealing only with starting a stopped vehicle instead of turning a vehicle. It is strains credulity to suggest that the regulation for turning is sufficiently specific but that the regulation for starting a stopped vehicle is just a recitation of the standard of care. WMATA cannot seriously be asking the Court to make that distinction.

Under Fed. R. Civ. P. 11(b)(2), WMATA, by submitting to the Court the Proposed Jury Instructions, was certifying that to the best of its "knowledge, information and belief, formed after an inquiry reasonable under the circumstances … [the] legal contentions are warranted by existing law …" (2011). Now, in an effort to extricate itself from a jury award WMATA is taking exactly the opposite view of the jury instructions it itself submitted.

**Even If the Court Adopts WMATA's View That the Negligence Per Se Instructions Were Improper, the Error was Harmless and Does Not Justify a New Trial**

Even if the Court should agree with WMATA that the Contested DCMRs should have been put to the jury merely as evidence of negligence, the error was harmless and pursuant to Fed. R. Civ. P. 61 no new trial should be granted. Fed. R. Civ. P. 61 provides that "[u]nless justice requires otherwise, no error in admitting or excluding evidence--or any other error by the court or a party--is ground for granting a new trial … [and] the court must disregard all errors and defects that do not affect any party's substantial rights." (2011). The standard for

determining whether an erroneous jury instruction mandates a new trial is the general harmless error standard. *In re Lorazepam & Clorazepate Antitrust Litig.*, 467 F. Supp. 2d 74, 89 (D.D.C. 2006). "The doctrine of harmless error holds that, when in all likelihood, the error would not have affected the result the Court need not disturb its judgment or order. *Burlodge Ltd. v. Standex Int'l Corp. (In re Motion of Burlodge)*, 2009 U.S. Dist. LEXIS 79576, *18 (D.D.C. Sept. 3, 2009) (citing *Doe v. Hampton*, 566 F.2d 265, 277-78 (D.C. Cir. 1977)). For an error to affect substantial rights, it "'must have been prejudicial: It must have affected the outcome of the...proceedings." *Evans v. Wash. Metro. Area Transit Auth.*, 2011 U.S. Dist. LEXIS 115439, *6-7 (D.D.C. Oct. 6, 2011) (citing *Muldrow (Ex rel. Estate of Muldrow) v. Re-direct, Inc.*, 493 F.3d 160, 168 (D.C. Cir. 2007)).

There is no evidence that inclusion of the Contested DCMRs as negligence per se, if in error, affected the outcome of the proceedings. The Verdict Sheet did not ask the jury to indicate their basis for finding WMATA negligent, merely that they did and that said negligence was a proximate cause of Plaintiff's injuries. Additionally, WMATA does not contest the inclusion of the Contested DCMRs in the jury instructions as evidence of negligence, merely as negligence per se. There is no evidence that even if the jury considered these provision in reaching their verdict they would have reached any other conclusion had they viewed them as evidence of negligence. In fact, the jury was required to find the same predicate facts in order to reach a finding of negligence or of negligence per se. Additionally, the jury instructions included Standardized Civil Jury Instruction (D.C.) 7-3, Duty To Maintain A Proper Lookout, which contains clauses very similar to the Contested DCMRs, including that, "[w]hen a person is … about to use a roadway … he has a duty to keep a proper lookout. That means he must reasonably observe traffic and other conditions which confront him to protect himself and others

while using the roadway… The law does require … that a person look effectively." Source: Instruction 7-3, D.C. Std. Civ. Jury Instr. (2011).  Thus, even if the Contested DCMRs were included as merely evidence of negligence they still would have been buttressed and supported by Instruction 7-3, adding additional weight and effect to their similar provisions.

      Finally and significantly, the weight of evidence at trial on the issue of negligence clearly supported the jury's verdict, thus any error in the language of the instructions would not have affected the result.  Plaintiff herself testified to seeing the bus driver looking towards the girls at the bus stop when he was starting the bus.  An independent witness, Patricia Shelton, testified that she could see the bus driver's head when he started moving the bus forward and he was still looking to the side towards the bus stop.  Additionally, five eye witnesses to the accident called at trial, all except the bus driver, testified that in some form or at some time they saw Ms. Woodson's car in front of the bus, yet the bus driver did not recall seeing the car before he hit her.  The evidence presented at trial clearly supports the jury's conclusion that WMATA's bus driver was negligent regardless of whether it was the result of negligence per se or negligence.  As such, any error should be disregarded as it did not affect any party's substantial rights.  Fed. R. Civ. P. 61.

For all the reasons stated herein, Plaintiff respectfully requests that the Court deny Defendant WMATA's Motion for a New Trial.

          Respectfully submitted,

          /s/ *Jacob M. Lebowitz*
By:   Peter C. Grenier #418570
       Jacob M. Lebowitz  # 483742
       1150 Connecticut Avenue, N.W.
       9th Floor, Connecticut Building
       Washington, D.C. 20036
       (202) 828-4100
       (202) 828-4130 (fax)
       *Counsel for Plaintiff*

Dated: October 24, 2011

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 24th day of October, 2011, I served a true and correct copy of the foregoing Plaintiff's Opposition to Defendant WMATA's Motion For New Trial, by electronic filing to:

>Henry L. Belsky, Esq.
>Lindsay C. Cooper, Esq.
>Michael J. Belsky, Esq.
>SCHLACHMAN, BELSKY & WEINER, P.A.
>300 East Lombard Street
>Suite 1100
>Baltimore, MD 21202
>(410) 685-2022
>Fax: (410) 296-5880
>*Counsel for Plaintiff*
>
>Kathleen A. Carey, Esq.
>Mark F. Sullivan, Esq.
>Janice L. Cole, Esq.
>WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY
>600 5th Street, N.W.
>Washington, D.C. 20001
>*Counsel for Defendant - WMATA*
>
>Robert Brian Hetherington
>MCCARTHY WILSON, LLP
>210 East Lexington Street
>Suite 300
>Baltimore, MD 21202
>(410) 528-7700
>Fax: 410-528-7736
>*Counsel for Third-Party Defendant*

>/s/   Jacob M. Lebowitz
>Jacob M. Lebowitz